# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MILTON WILLIE § | |
| § | |
| v. § | Case No. 2:23-cv-383-JRG-RSP |
| § | |
| EAST TEXAS EDUCATIONAL § | |
| INCURANCE ASSOCIATION, et al. | |

## ORDER

Before the Court is the Plaintiff Milton Willie's appeal (Dkt. No. 10) of the Magistrate Judge's denial of Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. No. 2). In the Order denying Plaintiff's motion, the Magistrate Judge relied upon the provision of 28 U.S.C. § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or … fails to state a claim on which relief may be granted."

Plaintiff, who represents that he is a Texas resident, has sued three defendants, all appearing to be Texas citizens also: (1) East Texas Educational Insurance Association, (2) the Texas Division of Workers Compensation, and (3) an entity named "Bull Dog OP" located in Carthage, Texas. Dkt. No. 1 at 3. Plaintiff seeks a review of a denial of benefits by an agency of the State of Texas and a private Texas insurance association, which is not available in this Court. There is no diversity jurisdiction on the face of the pleadings, and no federal cause of action is alleged.

The full extent of the reasoning in the appeal is "I don't like Judge Roy decision on my case." (Dkt. No. 10). Plaintiff does not attempt to show that he has a federal claim or a basis for diversity jurisdiction.[1]

Accordingly, it is **ORDERED** that the Appeal is **DENIED**, that the Order denying the Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) is **ADOPTED**, and this action is **DISMISSED** as frivolous. All pending requests for relief not explicitly granted herein are **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case.

---

[1] In his Motion for Clarification, Plaintiff misunderstands what "diversity jurisdiction" requires. In response, the Court notes that diversity jurisdiction requires every defendant to reside in a state that is different (or diverse from) the state where the Plaintiff resides. S*ee Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Here, Plaintiff does not dispute that Plaintiff and Defendants are all residents of Texas. As a result, the facts in the pleading do not support diversity jurisdiction.

**So ORDERED and SIGNED this 10th day of June, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE